UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-10020-RGS

DANIEL E. CARR

v.

NEW BEDFORD DISTRICT COURT; TAUNTON DISTRICT COURT; and
BRISTOL COUNTY JUVENILE COURTS CLERKS,

ORDER

January 4, 2024

STEARNS, D.J.

1.  *Pro se* plaintiff Daniel E. Carr's ("Carr") Application to Proceed in District Court without Prepaying Fees or Costs, Dkt. 2, is ALLOWED.

2.  Plaintiff's request to impound all documents, entered on the docket as Carr's Motion to Seal, Dkt. 4, is DENIED. The Court has a process for having confidential materials impounded, i.e. filed under seal. *See* District of Massachusetts Local Rule 7.2. Rule 7.2(d) explains that motions for impoundment must be filed and ruled upon prior to submission of the actual material sought to be impounded, unless the court orders otherwise. "Decisions on the sealing of judicial documents require a balancing of interests, although the scales tilt decidedly toward transparency." *Nat'l Org. for Marriage v. McKee*, 649 F.3d 34, 70 (1st Cir. 2011), *cert. denied*, 565 U.S. 1234 (2012). Here, Carr has not made a particularized showing of harm and

has not demonstrated that any of the factors enumerated in *Doe v. M.I.T.*, 46 F4th 61, 72 (1st Cir. 2022) weigh in his favor.

In an effort to protect the identity of the minor child, the full name of the minor is omitted for confidentiality purposes, *see* Fed. R. Civ. P. 5.2, and the clerk shall redact the child's name from the complaint (Dkt. No. 1) and to restrict the view of the 15-page attachment to the complaint (Dkt. No. 1-2).

3. Carr's complaint is subject to screening pursuant to 28 U.S.C. § 1915 ("Section 1915") because he is proceeding *in forma pauperis*. Pursuant to Section 1915 federal courts must dismiss a complaint *sua sponte* if the claims therein are frivolous or malicious, fail to state a claim on which relief can be granted, or seek monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2) (emphasis supplied), and "'give [each] defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A "complaint should at least set forth minimal facts as to who did what to whom, when, where, and why— although why, when why means the actor's state of mind, can be averred

generally." *Educadores Puertorriqueños en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). The claims must be "set forth in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). When examining the sufficiency of the pleadings, the court considers whether the plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Calderon–Serra v. Wilmington Trust Co.*, 715 F.3d 14, 17 (1st Cir. 2013) (quoting *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (internal quotation marks omitted)).

In conducting this review, the court liberally construes Carr's complaint because he is proceeding *pro se. See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

4.  Carr shall by **February 2, 2024** file an amended complaint that sets forth a basis for this court's jurisdiction as well as a plausible claim upon which relief may be granted. Carr filed his complaint using the preprinted Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. Complaint. Dkt. 1. The complaint names as defendants: (1) the Bristol County Probate and Civil Trial Court, (2) the New Bedford District Court, and (3) the Bristol County Juvenile Courts Clerks. *Id.* at ¶ I(B).  On the form complaint, Carr checked the box indicating that the basis for jurisdiction is federal question. *Id.* at ¶ II (basis for jurisdiction).  Carr indicates that this action is brought pursuant to "USC 118, USC 115." *Id.* at ¶ II(A).  In the section of the form that seeks the amount in controversy for diversity cases, Carr states that the amount in controversy is "$23,000 and drivers license suspension for 2 weeks unpaid child support on an order I can't have due to 'abuse,' and I can continue to see the 'abused not your child' if I pay $4000." *Id.* at ¶ II(B)(3).  For the statement of claim, Carr references an attachment and states that he "will file more concisely and appropriately with evidence after case open." *Id.* at ¶ III(statement of claim).  For relief, car seeks injunctive relief. *Id.* at ¶ IV(relief).  Specifically, Carr seeks to have this court order (1) the reinstatement of his driver's license, (2) to enjoin the Bristol County Juvenile Court or others from entering civil

4

injunctions and to follow laws, (3) and return of child to whom Carr has "sole custody, less the above injunction be enforced." *Id.*

Here, Carr's complaint is not a "plain" statement of claim and contains few factual allegations. Even though the attachment accompanying the complaint consists of a timeline of events from August 11, 2022 through December 13, 2023, the complaint and accompanying attachment does not satisfy the basic pleading requirements of Rule 8(a)(2). The complaint fails to succinctly set forth as to each defendant what Carr claims they did (or failed to do), where it occurred, when it occurred, and the relief he seeks as to each defendant.

The complaint does not provide a basis for this court's subject matter jurisdiction on diversity grounds. Here, diversity of citizenship does not exist because the parties are all located in Massachusetts. Similarly, Carr's allegations do not provide a sufficient basis for federal question jurisdiction. Carr's complaint references two sections of the United States Code as "USC 115" and "USC 118." However, the reference to these two sections of the United States Code fails to provide a title number. It is unclear what statute Carr intends to reference and whether such statute provides a private right of action.

Finally, to the extent Carr seeks to have this federal court intervene in state court proceedings, this court is without jurisdiction because *Younger* abstention is warranted where a federal court is asked to interfere with certain "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citations omitted). Because the state-court proceedings appear to fall within a class of cases for which *Younger* abstention is required, and there appears to be no exception that would counsel against *Younger* abstention here, this court would refrain from exercising jurisdiction.

Carr will be provided an opportunity on or before **February 2, 2024,** to amend the complaint to set forth a basis for this court's jurisdiction as well as a plausible claim upon which relief may be granted.

5. To the extent an amended complaint is timely filed, the amended complaint will be further screened under 28 U.S.C. § 1915. Failure to comply with this Order will result in dismissal of this action. Summonses shall not issue absent further order of the Court.

                                        SO ORDERED.

                                        /s/ Richard G. Stearns
                                        UNITED STATES DISTRICT JUDGE